UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00117-FDW-DCK

| | |
|---|---|
| THE CATO CORPORATION and CATO OF TEXAS L.P., <br><br> Plaintiffs, <br><br> vs. <br><br> CATO (HK) LIMITED, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )    ORDER |

THIS MATTER is before the Court on Defendant Cato (HK) Limited's Motion to Dismiss (Doc. No. 13) Plaintiff's Amended Complaint (Doc. No. 12) for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The Court has reviewed Defendant's Motion and Brief in Support (Doc. Nos. 13, 14), Plaintiff's Response in Opposition (Doc. No. 15), and Defendant's Reply (Doc. No. 16). Accordingly, for the reasons detailed below, Defendant's Motion to Dismiss the Amended Complaint (Doc. No. 12) is **DENIED**. Instead, the Clerk is respectfully DIRECTED to transfer the case to the United States District Court for the District of Massachusetts.

### I. BACKGROUND

The allegations pertinent to Defendant's motion to dismiss are derived from the Amended Complaint, exhibits attached to the Amended Complaint, and the affidavits Defendant submitted to challenge the existence of personal jurisdiction.

Plaintiff The Cato Corporation is a North Carolina corporation with its principal place of business in Charlotte, North Carolina. (Doc. No. 12, ¶ 1). Plaintiff Cato of Texas L.P. is a Texas

limited partnership with its principal place of business in Charlotte, North Carolina. Id. at ¶ 2. Cato of Texas L.P. is an affiliated entity of The Cato Corporation and is the holder of intellectual property rights for The Cato Corporation and its other affiliated entities. Id. at ¶ 3.

According to the Amended Complaint, Plaintiffs and their affiliated entities own and operate more than 1,000 brick and mortar stores. Id. at ¶ 24. These stores offer a wide variety of fashion-related items, including clothing, shoes, bags, hats, jewelry and hair accessories, as well as household items and cosmetics. Id. Many of the fashion-related items include various CATO branded marks. Id. at ¶ 27-43. The Complaint contends Plaintiffs hold several U.S. Trademark registrations for multiple CATO marks. Id. Plaintiffs allege one of these marks has been used in the United States in connection with marketing, distributing, offering for sale, and selling jewelry since at least December 1, 1963, and in connection with clothing and retail store services for clothing since at least March 1969. Id. at ¶ 25-26.

Defendant Cato (HK) Limited is a company incorporated under the laws of Hong Kong and maintains a principal place of business in Hong Kong. Id. at ¶ 4. The Amended Complaint asserts Defendant is in the business of providing jewelry products. Id. at ¶ 45. These products sometimes include the CATO + design mark, which is allegedly registered to Defendant in Hong Kong. (Doc. No. 14-1, ¶ 5-6).

According to the signed affidavit of Cato (HK) director, Kong Wing On ("Wing On affidavit"), Defendant services clients both in Hong Kong and abroad. Id. at ¶ 13. In order to solicit clients outside of Hong Kong, Defendant contends it maintained the website www.cato.com.hk. Id. at ¶ 18. The Wing On affidavit further asserts that the website does not allow for direct sales but instead provides contact information for sales representatives to facilitate the sale. Id. At some point prior to 2015, one of the sales representatives included on the website was Arthur Venditti

of Boston, Massachusetts. Id. Mr. Venditti passed away in November 2015. Id. Additionally, several invoices from 2016 show that Defendant has also made sales to Ms. Shirley Woo in Milton, Massachusetts. (Doc. No. 12-5).

Plaintiffs The Cato Corporation and Cato of Texas L.P. filed a Complaint (Doc. No. 1) against Defendant Cato (HK) Limited on February 26, 2020. Plaintiffs filed an Amended Complaint (Doc. No. 12) was filed on August 3, 2020, asserting claims pursuant to 15 U.S.C. §§ 1114 and 1125, North Carolina common law, and North Carolina General Statutes § 75 et seq., and seeking injunctive relief and damages against Defendant for trademark infringement, unfair competition, and unfair and deceptive trade practices. See generally (Doc. No. 12).

Defendant filed the pending motion to dismiss (Doc. No. 13) for lack of personal jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(2). In its motion, Defendant alleges that dismissal is proper because it lacks the requisite minimum contacts with North Carolina. See generally (Doc. No. 12). Plaintiff has timely opposed the motion to dismiss.

## II.  LEGAL STANDARD

Rule 12(b)(2) provides for dismissal for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). Under Rule 12(b)(2), the defendant is required to affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage. Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)). "[W]hen the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge." Grayson, 816 F.3d at 268 (citing Combs, 886 F.2d at 676). Although the court may consider affidavits submitted by both parties,

factual disputes and all reasonable inferences must be made in favor of the party asserting jurisdiction. White v. Aetna Life Ins. Co., No. 3:20-CV-204-MOC-DSC, 2021 WL 467210, at *2 (W.D.N.C. Feb. 9, 2021).

### III.  SPECIFIC JURISDICTION IN NORTH CAROLINA

According to the Wing On affidavit, Defendant is organized under the laws of Hong Kong and has its principle place of business in Hong Kong. Therefore, it is a nonresident of North Carolina. In order for a district court to assert personal jurisdiction over the nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. Clarke Veneers & Plywood, Inc. v. Mentakab Veneer & Plywood, 821 F. App'x 243, 244 (4th Cir. 2020).

"North Carolina's long-arm statute is construed to extend jurisdiction over nonresident the defendants to the full extent permitted by the Due Process Clause." Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 218 (4th Cir. 2001). Thus, dual jurisdictional requirements collapse into a single inquiry Id. Under the Due Process Clause, a court can have personal jurisdiction over the defendant in either of two ways: (1) general personal jurisdiction when the defendant has had "continuous and systematic contacts with the forum state regardless of where the relevant conduct occurs;" or (2) specific personal jurisdiction, which "requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." Wall Recycling, LLC v. 3TEK Glob., LLC, No. 1:20CV371, 2020 WL 6323345, at *3 (M.D.N.C. Oct. 28, 2020).

In their Response to the instant motion, Plaintiffs do not contend Defendant is subject to general jurisdiction in North Carolina. See generally (Doc. No. 15). Thus, the analysis thus turns

to whether specific personal jurisdiction exists over Defendant. Specific jurisdiction requires the court to determine: "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Wall Recycling, LLC, No. 1:20CV371, 2020 WL 6323345, at *3.

**A. Purposeful Availment**

First, the purposeful availment inquiry considers whether the defendant's conduct and connection with the forum state make it reasonably foreseeable that he could be "haled into court there." Id. Plaintiffs do not argue that Defendant satisfied several of the nonexclusive factors provided by the Fourth Circuit in determining whether an individual has purposely availed itself to a forum state.[1] See generally (Doc. No. 15). Instead, Plaintiffs assert in the Response that the purposeful availment requirement is fulfilled through the effects test. Id. at 4.

"Under the effects test, a court may exercise personal jurisdiction over the nonresident defendant who is a primary participant in an alleged wrongdoing intentionally directed at a resident in the forum state." Pan-Am. Prods. & Holdings, LLC, R.T.G. Furniture Corp., 825 F. Supp. 2d 664, 684 (M.D.N.C. 2011) (internal citation and quotation omitted). Under this three prong test, purposeful availment will be shown when: (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in a forum that can be said to be the focal point of the harm; and (3) the defendant expressly aimed tortious conduct at the forum in a manner that the forum can be

---

[1] The Fourth Circuit has identified several nonexclusive factors to be considered when evaluating purposeful availment, including: (1) whether the defendant maintained offices or agents in the State; (2) whether the defendant maintained property in the State; (3) whether the defendant reached into the State to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the State; (5) whether a choice of law clause selects the law of the State; (6) whether the defendant made in-person contact with a resident of the State regarding the business relationship; (7) whether the relevant contracts required performance of duties in the State; and (8) the nature, quality, and extent of the parties' communications about the business being transacted. Sneha Media & Entm't, LLC v. Associated Broad. Co. P, 911 F.3d 192, 198-99 (4th Cir. 2018).

said to be the focal point of it. Pet Specialties, LLC v. Navisiontech, Inc., No. 1:18-CV-00985, 2019 WL 4773623, at *7 (M.D.N.C. Sept. 30, 2019).

### a. Intentional tort

Here, Plaintiffs allege that Defendant knowingly sold various CATO branded items to the United States despite not owning the appropriate trademark registration in the United States. See generally (Doc. No. 12.). In other words, Plaintiff has asserted a claim for an *intentional* tort. See Epic Tech, LLC v. STHR Grp., LLC, No. 1:15CV252, 2015 WL 8179513, at *7 (M.D.N.C. Dec. 7, 2015) (holding that copyright and trademark infringement claims were intentional torts for the purposeful availment analysis); see also Firebirds Int'l, LLC v. Firebird Rest. Grp., LLC, No. 316CV00774RJCDSC, 2017 WL 4366750, at *7 (W.D.N.C. Oct. 2, 2017) (finding that trademark infringement is considered an intentional tort). Thus, the first prong of the effects test is met.

### b. The Brunt of the harm

Next, the second prong is satisfied when the plaintiff suffers financial harm in the forum state. Pet Specialties, LLC, No. 1:18-CV-00985, 2019 WL 4773623, at *7. Plaintiffs allege they have felt the brunt of the harm from Defendant's alleged tortious conduct in North Carolina since both Plaintiffs operate a principal place of business here. (Doc. No. 15, at 6). Specifically, Plaintiffs allege to have suffered "irreparable injury to reputation and goodwill, lost sales, and lost profits." (Doc. No. 12, ¶ 67-91). Since suffering financial harm in the forum in the forum state is sufficient, the second prong is satisfied.

### c. Expressly aimed

The third prong of the effects test requires defendant to have expressly aimed their tortious activity at North Carolina. Hunter v. Mountain Commerce Bank, No. 1:15CV1050, 2016 WL 5415761, at *6 (M.D.N.C. Sept. 28, 2016). Mere knowledge that a plaintiff could possibly be

harmed in the forum is insufficient to establish an express aim. Id.; see also ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 625 (4th Cir. 1997) ("defendant's actions must be directed at the forum state in more than a random, fortuitous, or attenuated way."). Posting products for sale to the United States generally does not show Defendant expressly targeted North Carolina. See Eagle Coffee Co. v. Eagle Coffee Int'l, Inc., No. CIV. L-09-2585, 2010 WL 481201, at *4 (D. Md. Feb. 4, 2010) (holding that a company website could not establish minimum contacts because it did not show that defendant targeted that state in particular).

Plaintiffs' primary argument is that the actions of Defendant were "*de facto* aimed at North Carolina because Cato's principal place of business is here." (Doc. No. 15, at 6). Plaintiffs offer no case law to support the *de facto* standard. If the Court were to adopt this standard, then it would be misapplying previously outlined requirements of the third prong. It is well-settled that "[a]lthough the place that the plaintiff feels the alleged injury is plainly relevant to the [jurisdictional] inquiry, it must ultimately be accompanied by defendant's own [sufficient minimum] contacts with the state if jurisdiction ... is to be upheld." Firebirds Int'l, LLC, No. 316CV00774RJCDSC, 2017 WL 4366750, at *7. Thus, without additional evidence that Defendant expressly targeted the forum state, the test fails at this stage.

Here, Plaintiffs have not shown Defendant expressly targeted North Carolina. Plaintiffs allege Defendant has offered its products for sale and placed its products into the stream of commerce in North Carolina. (Doc. No. 12, ¶ 9-10). According to the Wing On affidavit, Defendant agrees it offered products for sale on www.cato.com.hk. (Doc. No. 14-1, ¶¶20-38). However, simply posting products for sale to the United States generally is not sufficient. According to Wing On affidavit, no direct sales were ever made to citizens of North Carolina. (Doc. No. 14-1, ¶¶20-38). Plaintiffs fail to allege any other contacts regarding North Carolina

specifically. Because Plaintiffs cannot establish the common requirement Defendant expressly aimed his tortious conduct at the forum, Plaintiffs fail to satisfy the effects test. Accordingly, there is no specific personal jurisdiction over Defendant in the Western District of North Carolina.

**B. Remaining Elements of Specific Jurisdiction**

Since Defendant did not purposefully avail itself to North Carolina, this Court need not address whether Plaintiff's claims arise out of those activities directed at the forum state; or whether the exercise of personal jurisdiction would be constitutionally reasonable.

### IV.   NATIONWIDE JURISDICTION

Plaintiffs next contend this Court has personal jurisdiction over Defendant based on its contacts with the United States as a whole, pursuant to Federal Rule of Civil Procedure 4(k)(2). In order to invoke jurisdiction under 4(k)(2), the plaintiff must show: (1) the claim arose under federal law; (2) defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (3) exercising jurisdiction is consistent with the Constitution and laws of the United States. Grayson, 816 F.3d at 271.

Plaintiffs satisfy the first and third elements of the test. Cato brought this action against Defendant for, in part, trademark infringement and unfair competition under the federal Lanham Act, 15 U.S.C. § 1114(1)(a), 1125. These claims arise under federal law and thus satisfy the first element. Further, according to Wing On affidavit and Exhibit 5 to the Amended Complaint, Defendant has had contacts with the United States as a whole in several ways, including maintaining an agent and making sales to citizens of the United States. (Doc. No. 14-1, ¶ 18); (Doc. No. 12-5). Therefore, exercising jurisdiction would be consistent with the Constitution.

Plaintiffs' argument under Rule 4(k)(2) fails, however, because it appears in the record before this Court that Defendant is subject to jurisdiction in Massachusetts. In their brief, Plaintiffs

present alternative arguments for the existence of general jurisdiction in both North Carolina and Massachusetts. As previously explained, jurisdiction does not exist in North Carolina; however, it appears as though Defendant has had sufficient minimum contacts with Massachusetts.

Similar to the Fourth Circuit, in order to show specific jurisdiction for a nonresident defendant, the First Circuit, where Massachusetts is located, requires: (1) the plaintiff's claim must directly arise from or relate to the defendant's activities in the forum; (2) the defendant's forum-state contacts must represent a purposeful availment of the privilege of conducting activities in that state; and (3) the exercise of specific jurisdiction in the forum must be reasonable under the circumstances. Chen v. United States Sports Acad., Inc., 956 F.3d 45, 59 (1st Cir. 2020).

According to the Wing On affidavit, Defendant maintained the website www.cato.com.hk for the purpose of servicing clients abroad. (Doc. No. 14-1, ¶ 18). Although it is disputed when exactly the actions ceased, during sometime prior to November 2015, Defendant listed sales representative Andrew Venditti from Boston, Massachusetts, on the website. Id. Further, invoices show Defendant has made sales to a Ms. Shirley Woo of Milton, Massachusetts, on multiple occasions. (Doc. No. 12-5).

Plaintiffs allege Defendant improperly used Plaintiffs' trademarked design when making sales in Massachusetts. This means that the claim directly arises from this jurisdiction. Next, unlike in North Carolina, Defendant purposely availed themselves to Massachusetts by making direct sales in addition to utilizing a sales representative located in the district. Finally, the exercise of jurisdiction is reasonable in Massachusetts under these circumstances. Since Defendant is subject to jurisdiction in Massachusetts, Plaintiffs' argument for nationwide jurisdiction fails.

## V. TRANSFER OF VENUE

Finally, Plaintiffs assert that even if jurisdiction cannot be found in the Western District of North Carolina, the case should be transferred to the United States District Court for the District of Massachusetts where Defendant does have sufficient minimum contacts.

Pursuant to 28 U.S.C. § 1406(a), "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Rather than dismissing this action, the Court finds the interests of justice would be served by transferring the case to a district in which it could have been initially filed. It appears the District of Massachusetts, where Defendant has maintained a sales representative and made multiple direct sales, preserves personal jurisdiction over Defendant. Accordingly, the Court denies Plaintiffs' Motion to Dismiss and will instead transfer venue to the United States District Court for the District of Massachusetts.

## VI. CONCLUSION

IT IS, THEREFORE, ORDERED Defendant's Motion to Dismiss is DENIED. The Clerk is respectfully DIRECTED to transfer the case to the United States District Court for the District of Massachusetts.

**IT IS SO ORDERED**.

Signed: March 9, 2021

_____
Frank D. Whitney
United States District Judge